HEATHER J. CHESNUT (6934)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, 6th Floor
PO Box 140856
Salt Lake City, UT 84114-0856
Telephone: (801) 366-0100
E-mail: hchesnut@agutah.gov
*Attorneys for Defendant*

---

## THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| A.Z., by and through his guardians ANDREA ZOLMAN and STEVE ZOLMAN,<br><br>        Plaintiffs,<br><br>v.<br><br>ALPINE SCHOOL DISTRICT, RYAN BURKE, KATHY DRAPER, JOE HAYES, DAVID TURNER, and ALICIA FRYER,<br><br>        Defendants. | **DEFENDANT ALICIA FRYER'S MOTION TO DISMISS AND SUPPORTING MEMORANDUM**<br><br>Case No. 2:24-cv-00051<br><br>Judge Ted Stewart<br>Magistrate Judge Daphne A. Oberg |

## <u>TABLE OF CONTENTS</u>

RELIEF REQUESTED AND GROUNDS ............................................................. 1

MEMORANDUM OF LAW ............................................................................ 2

    I.     INTRODUCTION ............................................................. 2

    II.    RELEVANT FACTS ......................................................... 5

    III.   LEGAL STANDARDS ..................................................... 7

    IV.   ARGUMENT .................................................................. 7

          A.     Qualified Immunity Applies to Ms. Fryer ........................... 7

          B.     Plaintiffs Do Not State a Fourteenth Amendment Claim ... 8

          C.     No Application of the Fourth Amendment ....................... 13

    V.    CONCLUSION ............................................................. 14

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Abeyta By & Through Martinez v. Chama Valley Indep. Sch. Dist., No. 19,*
77 F.3d 1253 (10th Cir.1996) ............................................................ 10, 11, 13

*Becker v. Kroll,*
494 F.3d 904 (10th Cir.2007) ........................................................................ 9

*Collins v. City of Harker Heights,*
503 U.S. 115 (1992) ....................................................................................... 9

*County of Sacramento v. Lewis,*
523 U.S. 833 (1998) ..................................................................................... 10

*De Gutierrez v. Albuquerque Pub. Sch.,*
No 18-CV-00077, 2018 WL 3647207 (D.N.M. July 31, 2018) ..................... 9

*Dorsey v. Pueblo Sch. Dist. No. 60,*
140 F.Supp. 3rd 1102 (D. Colo. 2015) ........................................................ 12

*Estate of Booker v. Gomez,*
745 F.3d 405 (10th Cir. 2014) ....................................................................... 7

*Garcia ex rel. Garcia v. Miera,*
817 F.2d 650 (10th Cir.1987) ................................................................. 11, 13

*Hall v. Tawney,*
621 F.2d 607 (4th Cir.1980) ................................................................... 10, 11

*Harris v. Robinson,*
273 F.3d 927 (10th Cir.2001) ...................................................................... 13

*Haverkamp v. Unified Sch. Dist.,*
689 F.Supp. 1055 (D.Kan. 1986) ................................................................. 10

*Hennigh v. City of Shawnee,*
155 F.3d 1249 (10th Cir.1998) ...................................................................... 9

*Ingraham v. Wright,*
   430 U.S. 651 (1977).................................................................................8

*Muskrat v. Deer Creek Pub. Sch.,*
   715 F.3d 775 (10th Cir. 2013).............................................................3

*Pearson v. Callahan,*
   555 U.S. 223 (2009)..............................................................................7

*Perry v. Taser Int'l Inc.,*
   Civil No. 07-cv-00901, 2008 WL 961559 (D.Colo. Apr. 8, 2008)..................13

*Tapia v. Beffort,*
   No. CIV-02-0513, 2003 WL 24130246 (D.N.M. 2003)..................................10

*Tonkovich v. Kan. Bd. of Regents,*
   159 F.3d 504 (10th Cir.1998).............................................................4, 10, 11

## RELIEF REQUESTED AND GROUNDS

Pursuant to Federal Rule of Civil Procedure 12(b)(6) Defendant Alicia Fryer, by and through counsel, Heather J. Chesnut moves for dismissal from Counts III, IV and V of the Amended Complaint (Doc No. 21) (Fryer is not named in Counts I and II). Counts III, IV and V are brought pursuant to 42 U.S.C. § 1983 and based on substantive Due Process (14th Amendment); Excessive Force (4th Amendment); and Failure to Intervene (4th and 14th Amendments).

The grounds for this Motion are:

- Ms. Fryer maintains qualified immunity and Plaintiff has not shown that she violated any clearly established constitutional right;

- Plaintiff has failed to plead facts that meet the Fourteenth Amendment substantive due process standard, which requires a showing that Ms. Fryer abused power to the extent of shocking the conscience of federal judges; and

- The Fourth Amendment standard, which is one of reasonableness applied to the purpose and method of an alleged seizure, does not

pertain to Ms. Fryer because there is no showing that she conducted a seizure of A.Z. within the meaning of the Amendment.

Accordingly, Ms. Fryer requests that this Court dismiss her with prejudice from Counts III, IV and V.

## MEMORANDUM OF LAW

## I.    INTRODUCTION

This lawsuit revolves around allegations that Plaintiffs' child, A.Z., was mistreated by a bus driver and that Ms. Fryer, bus driver aide, participated in the mistreatment. Plaintiffs also allege that Alpine School District officials took no action to correct the mistreatment. Three constitutional claims based on 42 U.S.C. § 1983 are brought against Ms. Fryer and other individuals. In Claim III, the first § 1983 claim, Plaintiffs argue that individual defendants violated substantive Due Process by conducting, tolerating or permitting misconduct. Similarly, in Claim IV, Plaintiffs argue that the bus driver and Ms. Fryer used excessive force against A.Z. in violation of the Fourth Amendment and school officials took no meaningful action in response. Finally, in Claim V, Plaintiffs argue that all individual

defendants acted with reckless indifference to A.Z.'s rights by failing to intervene, violating both the Fourth and Fourteenth Amendments.

Ms. Fryer should be dismissed from the three § 1983 claims. To the extent the claims are based on the Fourth Amendment, they should be dismissed because the Fourth Amendment standard does not apply here. That standard, which requires actions to be examined for reasonableness, typically applies to police seizures and not to the momentary use of physical force by a school employee in response to a disruptive student. Teachers are in the unique constitutional position of having authority to restrict students' movements and location in school, and so the use of physical force does not textually or historically invoke the Fourth Amendment. *Muskrat v. Deer Creek Pub. Sch.*, 715 F.3d 775, 791 (10th Cir. 2013). Further, in this case, the allegations against Ms. Fryer are that she threw a coat onto AZ, once forcibly moved him, and berated him.[1] None of these allegations amount to a seizure, particularly in the school setting. So, the Fourth Amendment reasonableness analysis does not apply.

---

[1] Plaintiff's First Amended Complaint, (Doc No. 21), 3/26/24 at 7, 11-12 (hereinafter "AC").

More appropriate here is the substantive due process analysis, applied to allegations of corporal punishment, psychological abuse, and similar circumstances in a school setting. Under this analysis Plaintiffs must show that the challenged actions would "shock the conscience of federal judges." *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 528 (10th Cir.1998). This takes more than a showing of an intentional or reckless abuse of power causing injury. It requires "a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking." *Id.* Plaintiffs' allegations that Ms. Fryer forcibly moved A.Z. once, threw her coat on him, and was "cold and distant"[2] or "aggressive and hostile"[3] are insufficient to meet this standard. In fact, corporal punishment per se is not conscience shocking under this standard and has been found to violate substantive due process only in much more egregious circumstances. Likewise, a cold or even aggressive demeanor towards a student is insufficient; there must be a conscience-shocking showing of use of official power.

---

[2] AC at 11.

[3] *Id.*

The allegations of this case do not establish a § 1983 claim against Ms. Fryer, either under the Fourth Amendment or Fourteenth Amendment. Therefore, she should be dismissed from these claims.

## II.    RELEVANT FACTS[4]

Ms. Fryer was a bus driver aide in 2021-22, when A.Z. rode the bus to attend the special needs program at Cedar Ridge Elementary in the Alpine School District. In January, 2022 the bus driver, Kathy Draper, and Ms. Fryer informed A.Z.'s caregiver that A.Z. was misbehaving on the bus. A few days later, A.Z.'s mother, Andrea Zolman, saw Ms. Draper and Ms. Fryer berate A.Z. while putting him in his seat. Ms. Fryer threw her coat onto A.Z. angrily as the bus was pulling away.[5]

Mrs. Zolman raised concerns to Alpine School District administration about Ms. Draper and Ms. Fryer, and it was agreed they needed further training.[6] However, training was not provided and A.Z.'s parents arranged alternative transportation for A.Z.[7] After further discussion with District

---

[4] The facts are taken from Plaintiffs' Amended Complaint and are assumed true only for purposes of this Motion.
[5] AC at 7.
[6] *Id.* at 7-8.
[7] *Id*. at 9.

officials concerning training for Ms. Draper and Ms. Fryer, A.Z.'s parents

began using the District's bus service again.[8]

More problems occurred. It is alleged that Ms. Fryer joined with Ms.

Draper in berating A.Z. aggressively.[9] One time, Ms. Fryer forcibly moved

A.Z.[10] Another time, Ms. Draper said she wished she could throw A.Z. off

the bus.[11] The worst incident occurred when Ms. Draper sat on A.Z. to

restrain him.[12] During this incident Ms. Fryer warned Ms. Draper not to do

it, saying, "Kathy, you're really heavy!"[13] Afterwards, both were "cold and

distant" to A.Z.'s father who had come to pick A.Z. up from the bus.[14]

Ultimately, Ms. Draper and Ms. Fryer were terminated from District

employment, and Ms. Draper received a criminal charge.[15]

---

[8] *Id.* at 10.
[9] *Id.* at 12.
[10] *Id.*
[11] *Id.*
[12] *Id.* at 11-12.
[13] *Id.* at 12.
[14] *Id.* at 11.
[15] *Id.* at 13.

## III.   LEGAL STANDARDS

Ms. Fryer joins with Alpine School District, Ryan Burke, Joe Hayes, and David Turner ("District Defendants") in their section entitled "Legal Standards," describing both the Motion to Dismiss standard and the Qualified Immunity Standard.[16]

## IV.   ARGUMENT

### A. Qualified Immunity Applies to Ms. Fryer

Ms. Fryer asserts that she has qualified immunity, which "shields public officials from damages actions unless their conduct was unreasonable in light of clearly established law." *Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014) (cleaned up). Plaintiffs overcome an assertion of qualified immunity only by showing 1) that the defendants violated a constitutional right; and 2) that the right was clearly established at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Plaintiffs have not made either showing.

---

[16] Defendants' Alpine School District, Ryan Burke, Joe Hayes, and David Turner Partial Motion to Dismiss and Memorandum in Support, (Doc No. 26) (hereinafter "District Defendants' MD"), 4/15/24 at 15-17.

As to the first prong, Plaintiffs have not established that Ms. Fryer violated a constitutional right. This is shown in Subsections B and C below, which analyze Plaintiffs' Fourteenth and Fourth Amendment claims, respectively.

As to the second prong, which requires Plaintiffs to show that the right claimed was clearly established, Fryer joins with the District Defendants in their subsection 3.3 entitled "The Individual Defendants are entitled to qualified immunity." The portion addressing Plaintiffs' claims under the theory of state-created danger particularly applies to Ms. Fryer.[17] Additionally, the argument in Subsections B and C below show that Ms. Fryer has not violated a clearly established right. Accordingly, Ms. Fryer should be dismissed from these claims.

## B. Plaintiffs Do Not State a Fourteenth Amendment Claim

Plaintiffs allege a violation of the Fourteenth Amendment under the Due Process clause. Their claim is substantive as opposed to procedural. *See Ingraham v. Wright,* 430 U.S. 651, 674 (1977) ("[W]here school authorities,

---

[17] District Defendants' MD at 29-33.

acting under color of state law, deliberately decide to punish a child for misconduct by restraining the child and inflicting appreciable physical pain, we hold that Fourteenth Amendment liberty interests are implicated.") *See also De Gutierrez v. Albuquerque Pub. Sch., No 18-CV-00077, 2018 WL 3647207, * 8 (D.N.M. July 31, 2018)* (unpublished) ("... if the alleged tasing is considered corporal punishment, it certainly implicated M.B.'s due process liberty interest because M.B. was subjected to "appreciable physical pain.")

A substantive due process claim is "founded upon deeply rooted notions of fundamental personal interests derived from the Constitution." *Hennigh v. City of Shawnee, 155 F.3d 1249, 1256 (10th Cir.1998)*. Such claims arise "in the narrowest of circumstances." *Becker v. Kroll, 494 F.3d 904, 922 (10th Cir.2007)*. Indeed, "[a]s a general matter, the Court has always been reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended." *Collins v. City of Harker Heights, 503 U.S. 115, 125 (1992)*.

In the area of disciplinary actions taken against a student, courts have recognized that such actions do not violate a public school child's substantive due process rights per se. *Haverkamp v. Unified Sch. Dist.*, 689 F.Supp. 1055, 1059 (D.Kan. 1986) (*citing Hall v. Tawney,* 621 F.2d 607 (4th Cir.1980)). The Supreme Court of the United States has held that substantive due process claims arise only when the plaintiff can demonstrate "the cognizable level of executive abuse of power as that which shocks the conscience." *Tapia v. Beffort*, No. CIV-02-0513, 2003 WL 24130246, *7 (D.N.M. 2003) (unpublished) (*quoting County of Sacramento v. Lewis,* 523 U.S. 833, 846 (1998)). *See also Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 528 (10th Cir.1998) (The standard for judging a substantive due process claim based on discrete actions (as opposed to legislation) is whether the challenged government action would "shock the conscience of federal judges.") This requires "something more than an ordinary tort to be actionable under § 1983." *Abeyta By & Through Martinez v. Chama Valley Indep. Sch. Dist., No. 19*, 77 F.3d 1253, 1257 (10th Cir.1996).

In fact, to satisfy this standard, "a plaintiff must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power." *Tonkovich*, 159 F.3d at 528. The standard is high. Only the most outrageous and egregious governmental actions will create such a claim. *Hall, 621 F.2d at 613* ("The substantive due process inquiry in school corporal punishment cases must be whether the force applied caused injury so severe, was so disproportionate to the need presented, and was so inspired by malice or sadism rather than merely careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power literally shocking to the conscience."). *See also Garcia ex rel. Garcia v. Miera,* 817 F.2d 650, 655 (10th Cir.1987) ("We here reaffirm our view, set out in *Milonas*, that at some point of excessiveness or brutality, a public school child's substantive due process rights are violated by beatings administered by government-paid school officials.") This same standard is used to evaluate allegations of verbal or psychological mistreatment. *Abeyta By and Through Martinez v. Chama Valley Ind. Sch. Dist., No. 19*, 77 F.3d 1253, 1256 (10th Cir. 1996).

The standard is not met in this case. Here, Ms. Fryer is alleged to have participated with Ms. Draper in berating A.Z. verbally and being "aggressive and hostile" in her manner.[18] She is alleged to have thrown her coat onto A.Z. angrily. One time, she is said to have forcibly moved A.Z. for no apparent reason.[19] She is alleged to have been "cold and distant" towards A.Z.'s father after an incident where Ms. Draper sat on A.Z. to restrain him.[20] While these actions may give rise to parental concerns and justify employment action such as training, they do not state a violation of the substantive due process clause. A comparison of cases shows this.

The standard was not met when, for instance, a school employee required a disabled child with challenges including asthma and progressive muscular/skeletal weakness to participate in a human pyramid on an unpadded gym floor. *Dorsey v. Pueblo Sch. Dist. No. 60*, 140 F.Supp. 3rd 1102, 1118-19 (D. Colo. 2015). It was not met where a teacher called a 12-year-old girl a prostitute in front of a class after reading aloud a note she had written to a boy, continued calling her a prostitute in a low voice over

---

[18] AC at 7, 11-12.
[19] *Id.* at 7, 12.
[20] *Id.* at 12.

the next month and a half, and incited classmates to taunt her by calling her a prostitute. *Abeyta By and Through Martinez,* 77 F.3d at 1256. It was not met where a teacher ordered a mildly to moderately intellectually disabled 10-year-old to clean out the toilet with his bare hands. *Harris v. Robinson,* 273 F.3d 927, 931 (10th Cir.2001). It was not met where a 9-year-old received two beatings at school, even though one drew blood and welts, and another resulted in bruising and back pain. *Garcia ex rel. Garcia v. Miera,* 817 F.2d 650 (10th Cir.1987), *cert. denied,* 485 U.S. 959, 108 (1988). "The universe of circumstances that have been found sufficient to meet this test is limited indeed." *Perry v. Taser Int'l Inc.,* Civil No. 07-cv-00901, 2008 WL 961559, at *2 (D.Colo. Apr. 8, 2008) (unpublished).

All of this shows that the "conscience-shocking" standard is not met in this case. So, Plaintiffs haven't stated a Fourteenth Amendment claim.

### C. No Application of the Fourth Amendment

Fryer joins with the District Defendants in their section 4, "Count IV should be dismissed, because the Fourth Amendment does not apply to school officials' use of force" describing the case law showing that in a case

involving alleged corporal punishment, it is the substantive due process analysis that applies.[21] Fryer also joins in their section 5, "Count V fails to state a claim, as there is no clearly established Fourth Amendment right to have another school district employee intervene in potentially unconstitutional school discipline, and the Individual District Defendants were not in a position to Intervene."[22] In this section, District Defendants' set out further authority showing that no Fourth Amendment claim is stated based on the alleged facts.[23]

## V.     CONCLUSION

Based on the above, Ms. Fryer respectfully requests that she be dismissed from this matter, with prejudice.

RESPECTFULLY SUBMITTED THIS 6th day of May, 2024.

OFFICE OF THE UTAH ATTORNEY GENERAL


*/s/ Heather J. Chesnut*
HEATHER J. CHESNUT
Assistant Utah Attorney General
*Attorney for Defendant*

---

[21] District Defendants' MD at 29-33.
[22] District Defendants' MD at 38-39.
[23] *Id.*