# Exhibit B

THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| _____<br><br>A.Z., by and through his guardians Andrea Zolman and Steve Zolman,<br>Plaintiff,<br><br>vs.<br>Alpine School District, Ryan Burke, Kathy Draper, Joe Hayes, and David Turner,<br>Defendants. | **Proposed Scheduling Order**<br><br> 2:24-cv 00051 _____<br>Case Number: (*including assigned judge initials and referred magistrate judge initials, if applicable*)<br><br> Ted Stewart _____<br>District Judge<br><br> Daphne A. Oberg _____<br>Magistrate Judge |

Under Fed. R. Civ. P. 16(b), the Local Rules of Practice, and the Order to Propose Schedule, if applicable, an Attorney Planning Meeting has been held and the Attorney Planning Meeting Report has been completed. The following deadlines may not be modified without a court order consistent with Fed. R. Civ. P. 16(b)(4) and DUCivR 83-6.

**DEADLINES ARE 11:59 P.M. ON THE DATE INDICATED UNLESS EXPRESSLY STATED OTHERWISE**

**1. PRELIMINARY MATTERS**

| | | | |
|---|---|---|---|
| a. | | Fed. R. Civ. P. 26(f)(1) Conference: (*date the conference was held*) | 7/3/24 |
| b. | | Participants: (*include the name of the party and attorney, if applicable*)<br><br>*For Plaintiff* —<br>Howard Kaplan<br>Terah Tollner<br><br>*For Defendants Alpine School District, Burke, Hayes, and Turner* –<br>Kyle Kaiser | |

|   |   | Darin Goff<br>Nicole Johnston |   |   |   |   |
|---|---|---|---|---|---|---|
| c. |   | Fed. R. Civ. P 26(a)(1) Initial Disclosures: *(the parties have exchanged initial disclosures or will exchange no later than the date provided)* | <u>7/29/24</u> |   |   |   |
| d. |   | Under Fed. R. Civ. P. 5(b)(2)(E), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by the court's electronic-filing system or email transmission.<br><br>Electronic service constitutes notice and service as required by those rules. The right to service by USPS mail is waived. | Yes ☒ |   | No ☐ |   |

2. **PROTECTIVE ORDER**

|   |   |   |   |   |
|---|---|---|---|---|
| a. |   | The parties anticipate the case will involve the disclosure of information, documents, or other materials that will be designated as confidential. | Yes ☒ | No ☐ |
| b. |   | If the case will involve the disclosure of information, documents, or other materials that will be designated as CONFIDENTIAL, then good cause exists for the court to enter the court's Standard Protective Order (SPO) under DUCivR 26-2: *(describe the need for a protective order)*<br><br>The parties anticipate that the case will involve the disclosure of confidential health information, for example, medical information regarding Plaintiff's disability. |   |   |
| c. |   | If a protective order is needed and the parties **are not** using the court's SPO, then the court's SPO, in effect under DUCivR 26-2, will govern until a different protective order—proposed by the parties via motion under DUCivR 7-1(a)(4)(D)—is adopted by the court.<br><br>The parties' proposed protective order should identify a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials will be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this process must be included in the proposed protective order under Fed. R. Evid. 502(d): *(describe the process)*<br><br>The parties agree to be bound by the Standard Protective Order. The Parties anticipate that disclosure of some documents or electronically stored information may be subject to the Family Education Rights and Privacy Act (FERPA) (20 U.S.C, § 1232g; 34 CFR Part 99), and/or by the Utah Government Records Access and Management Act (Utah Code § |   |   |

|   |   |   |
|---|---|---|
|   |   | 63G-2-101, et. seq.) Should information the disclosure of which is restricted by those laws become an issue, the parties agree to negotiate in good faith regarding a protective order in compliance with applicable law. Should the parties disagree regarding the scope of coverage of protection, the applicability of the privacy law at issue, or the language of any proposed protective order after negotiating in good faith, the parties agree to expeditiously bring the issue before the Court. |
|   | d. | If the parties do not anticipate the case will involve the disclosure of information, documents, or the materials that will be designated as CONFIDENTIAL, the parties still should identify, in the space below, a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials will be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this process must also be included in the proposed Scheduling Order: *(describe the process)* |

3. **DISCOVERY PLAN**

|   |   |   |   |
|---|---|---|---|
| a. | Discovery Plan: The parties agree to the following discovery plan.<br>• If the parties disagree, clearly indicate the disagreement in the space below: | Yes ☒ | No ☐ |
| b. | Discovery Subjects: *(describe the subject areas in which discovery will be needed)*<br><br>All claims and defenses in the lawsuit, including, but not limited to:<br><br>Plaintiff's participation in Alpine School District's bus program and special needs programs.<br><br>Alpine School District's bus program; special needs and disability programs, record retention and deletion; training, hiring, and supervision.<br><br>Kathy Draper's involvement with the bus program.<br><br>Plaintiff's health, disability, and damages. |   |   |
| c. | Discovery Phases:<br>• Will discovery be conducted in phases? If so, please explain.<br><br>The parties agree that discovery will be conducted in two phases: fact discovery and expert discovery. This division reduces the likelihood |   |   |

|   |   | that supplemental expert reports will be necessary based on evidence acquired during fact discovery.<br><br>• Will discovery be limited to or focused on particular issues? If so, please explain and identify whether discovery will be accelerated on any issue and the due dates. |
|---|---|---|
| d. |   | Electronically Stored Information: (describe how the parties will handle discovery of electronically stored information)<br><br>After the first set of discovery requests is served, the receiving party shall, within a reasonable period (1 to 2 weeks), conduct a reasonable investigation into custodians who are likely to have information responsive to the requests and will propose search terms that are likely to yield information responsive to the requests.<br><br>The proposed custodians and search terms will provide the starting point for a conference between the parties to determine an ESI protocol by email agreement. The parties commit to working cooperatively with the expectation of creating an agreed ESI protocol. Should the parties disagree regarding an appropriate ESI protocol after negotiating in good faith, the parties agree to expeditiously bring the issue before the Court. |

4. **FACT DISCOVERY**

| a. | Fact Discovery Limitations— | | |
|---|---|---|---|
|   | 1. | Maximum number of depositions by Plaintiff:<br>The parties agree that any 30(b)(6) designations count as 1 deposition, regardless of how many individuals are designed by Defendant. The parties also agree that this number and the number in 4.a.2 below may be enlarged upon showing of good cause. | *12* |
|   | 2. | Maximum number of depositions by Defendant: | *12* |
|   | 3. | Maximum number of hours for each deposition:<br>(*unless extended by agreement of parties*) | *7* |
|   | 4. | Maximum interrogatories by any party to any party: | *25* |
|   | 5. | Maximum requests for admissions by any party to any party:<br>The parties agree that this number may be enlarged upon a showing of good cause. | *25* |
|   | 6. | Maximum requests for production by any party to any party:<br>The parties agree that this number may be enlarged upon a showing of good cause. | *35* |
|   |   |   |   |
| b. | Other Fact Discovery Deadlines— | | |

|   | 1. | Deadline to serve written discovery: | *1/15/25* |
|---|----|---|---|
|   | 2. | Deadline for fact discovery to close: | *2/17/25* |
|   | 3. | Deadline for supplementation of disclosures and responses under Fed. R. Civ. P. 26(e): (*optional*) | *00/00/00* |

5. **AMENDING OF PLEADINGS AND JOINING OF PARTIES**[1]

| a. | Deadline to file a motion to amend pleadings— | | |
|---|---|---|---|
|   | 1. | Plaintiff: | *10/3/24* |
|   | 2. | Defendant: | *10/3/24* |
|   |   |   |   |
| b. | Deadline to file a motion to join additional parties— | | |
|   | 1. | Plaintiff: | *10/3/24* |
|   | 2. | Defendant: | *10/3/24* |

6. **EXPERT DISCOVERY**

| a. | Filing of Notice of Designation required by DUCivR 26-1(a)(2)— | | |
|---|---|---|---|
|   | 1. | Parties bearing the burden of proof: | *5/1/25* |
|   | 2. | Parties not bearing the burden of proof: | *6/2/25* |
|   |   |   |   |
| b. | Service of Fed. R. Civ. P. 26(a)(2) Disclosures and Reports— | | |
|   | 1. | Parties bearing the burden of proof: | *5/1/25* |
|   | 2. | Parties not bearing the burden of proof: | *6/2/25* |
|   | 3. | Rebuttal reports, if any: | *00/00/00* |
|   |   |   |   |
| c. | Deadline for expert discovery to close: | | *7/1/25* |

7. **OTHER DEADLINES AND TRIAL-RELATED INFORMATION**[2]

| a. | Deadline for filing dispositive or potentially dispositive motions: (*including a motion to exclude experts when expert testimony is required to resolve the motion*) |   | *8/15/25* |
|---|---|---|---|
| b. | Deadline for filing a request for a scheduling conference for the purpose of setting a trial date if no dispositive motion are filed: |   | *00/00/00* |

---

[1] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).
[2] The court will enter the date in Section 7.b.

**SO ORDERED** this _____ day of _____, 202X.

BY THE COURT:

_____
[Judge's Name]
[Type of Judge]