IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| A.Z., by and through his guardians ANDREA ZOLMAN and STEVEN ZOLMAN,<br><br>               Plaintiffs,<br><br>v.<br><br>ALPINE SCHOOL DISTRICT, RYAN BURKE, KATHY DRAPER, JOE HAYES, and DAVID TURNER,<br><br>               Defendants. | MEMORANDUM DECISION AND ORDER REGARDING DISMISSAL AND RETENTION OF JURISDICTION<br><br><br>Case No. 2:24-cv-00051-TS-DAO<br><br>District Judge Ted Stewart<br>Magistrate Judge Daphne A. Oberg |

Upon finalizing their settlement agreement on January 23, 2026,[1] all parties, with the exception of Defendant Kathy Draper, filed a joint Stipulation of Dismissal and Request to Retain Jurisdiction.[2] The stipulating parties argue that under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the stipulation must be signed by "all parties who have appeared," and because Ms. Draper has not otherwise entered an appearance nor participated in this litigation, her stipulation is not required for the dismissal to be effective as to *all* parties.[3] This raises two related issues: who must sign the stipulation; and against whom the stipulation is effective. Regarding who must sign, the Eleventh Circuit holds that, under Rule 41(a)(1)(A)(ii), a district court may dismiss all claims against a particular defendant, but stipulation also requires the signature of every party who has appeared, including "a party that appeared but has already been

---

[1] The settlement agreement was finalized after both Alpine School District, and its successor district (which will succeed Alpine beginning 2027), provided written confirmation of its decision to approve the settlement.

[2] Docket No. 77

[3] *Id*. at 2 n.1.

removed from an action."[4] By contrast, the Fifth Circuit holds that in a multi-defendant suit, where the plaintiff singles out a party for dismissal, "only the dismissed defendant need sign the stipulation."[5] Under either, however, dismissal is not effective as to a party who has not so stipulated. The Tenth Circuit has not ruled on this issue.

Here, the Court takes the view of the Fifth Circuit. Accordingly, the stipulated dismissal is effective, but only as to those defendants who signed it. Dismissal as to Ms. Draper, then, must come by way of Rule 41(a)(1)(A)(i) or (a)(2). Because she has filed neither an answer nor a motion for summary judgment, and because Plaintiffs have not asked for an order under section (a)(2), the Court will construe the stipulated dismissal as a notice of voluntary dismissal under Rule 41(a)(1)(A)(i).[6]

The parties request that the Court retain jurisdiction to enforce the terms of the settlement agreement, which, according to the stipulated dismissal, "sets forth a remedial plan for modifying the District's practices relating to the care, safety, and well-being of special education students."[7] Under that agreement, if the parties are unable to resolve their disputes through the agreed-upon informal process, a party may seek judicial relief to compel enforcement. The agreement does not request active supervision of the parties' conduct; rather, the Court's

---

[4] *City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*, 82 F.4th 1031, 1036–38 (11th Cir. 2023) (stating that "all means all" in the context of the "signed by all parties who have appeared" of Rule 41(a)(1)(A)(ii)).

[5] *Nat'l City Golf Fin., a Div. of Nat'l City Com. Cap. Co., L.L.C. v. Scott*, 899 F.3d 412, 415 n.3 (5th Cir. 2018).

[6] Fed. R. Civ. P. 41(a)(1)(A)(i) (stating that a plaintiff may dismiss an action against a defendant without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment).

[7] Docket No 77, at 2.

involvement is limited to enforcing the agreement's terms upon motion by a party after the informal dispute resolution procedures have been exhausted.

"Enforcement of a settlement agreement is more than just a continuation of the dismissed suit, and hence requires its own basis for jurisdiction."[8] "[O]rdinarily, a stipulation of dismissal . . . immediately strips the district court of jurisdiction over the merits of a case."[9] However, under Supreme Court precedent "[i]f the parties wish to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so."[10] A district court can properly enforce this "ancillary jurisdiction" where dismissal is pursuant to either Rule 41(a)(2) or Rule 41(a)(1)(A)(ii).[11] Even though the latter "does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal," the Supreme Court nonetheless has concluded that under section (A)(ii), "the [district] court is authorized to embody the settlement contract in its dismissal order or, what has the same effect, retain jurisdiction over the settlement contract[] if the parties agree."[12] The order must "show[] an intent to retain jurisdiction . . . ."[13]

---

[8] *Carr v. Wells*, No. 20-cv-03319-NYW-JPO, 2026 WL 539118, at *3 (D. Colo. Feb. 26, 2026) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994).

[9] *Id.* (citing *De Leon v. Marcos*, 659 F.3d 1276, 1283 (10th Cir. 2011)).

[10] *Kokkonen*, 511 U.S. at 381.

[11] *Id.*

[12] *Id.* at 381–82; *see id.* (describing that the settlement agreement may be made part of the order either by a separate provision "retaining jurisdiction" or by incorporating the terms of the settlement agreement in the order).

[13] *McKay v. United States*, 207 F. App'x 892, 894 (10th Cir. 2006) (internal quotation marks and citation omitted).

Accordingly, per the terms of the stipulated dismissal, this action is dismissed. The Court expressly retains jurisdiction to enforce the terms of the settlement agreement, as set forth therein.[14]

SO ORDERED.

DATED March 31, 2026.

BY THE COURT:

Ted Stewart
United States District Judge

---

[14] Importantly, assuming Ms. Draper did not sign the settlement agreement, she would not be bound thereto, and the Court would lack jurisdiction to enforce the terms of the agreement against her.